IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLLIE MACK, III,

        Plaintiff,                No. CIV S-07-2371 LKK KJM PS

    vs.

UNITED STATES OF AMERICA, et al.,

        Defendant.             FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion to dismiss came on regularly for hearing on June 25, 2008. Plaintiff appeared in propria person. Bobbie Montoya appeared for defendants. Upon review of the documents in support and opposition, upon providing plaintiff and counsel the opportunity to argue at hearing, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendants move to dismiss for lack of jurisdiction, failure to state a claim, and insufficiency of service of process.[1] A complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

---

[1] Although it appears defendants' position with respect to service of process is well taken, the court need not address the issue in light of plaintiff's having not stated a claim or set forth adequate jurisdictional grounds for the complaint to proceed.

1 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
2 complaint under this standard, the court must accept as true the allegations of the complaint in
3 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
4 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
5 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6       In this action, plaintiff asserts vague allegations of wrongdoing on the part of the
7 FBI and CIA.  No proper basis of subject matter jurisdiction is pled in the complaint.  Plaintiff's
8 opposition lends little in the way of clarifying the claims plaintiff is attempting to allege.  From
9 the opposition, it appears plaintiff believes he has been wronged because of a conspiracy by
10 agents of the FBI and CIA designed to impede plaintiff's ability to receive payment from his
11 "producer" and to interfere with plaintiff's privacy rights.  Plaintiff offers no factual allegations
12 in support of his assertions.  The court cannot discern what, if any, constitutional rights plaintiff
13 is claiming have been infringed.  At best, plaintiff's pleadings demonstrate plaintiff's belief that
14 the government has committed an injustice but are woefully insufficient to state a claim.[2]
15 Moreover, from plaintiff's utter inability in the opposition or at hearing to delineate any federal
16 claims or set forth any facts that could support a claim, it appears that amendment would be
17 futile.

18       Accordingly, IT IS HEREBY RECOMMENDED that:
19       1.  Defendants' motion to dismiss be granted; and
20       2.  This action be dismissed.
21       These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
23 days after being served with these findings and recommendations, plaintiff may file written

---

[2] Under Federal Rule of Evidence 201, the court takes judicial notice of the pleadings in Mack v. FBI, CIV S-07-1328 GEB KJM PS.  In that action, plaintiff raised the same general claims raised in the herein action.  That case ultimately was dismissed because of plaintiff's failure to articulate any viable claim.

2

1 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4 F.2d 1153 (9th Cir. 1991).
5 DATED: July 8, 2008.

_____
U.S. MAGISTRATE JUDGE

006
mack2.57